Good afternoon. May it please the Court, my name is Christopher Martin, and I represent John Farrow and Jerome Wade in this matter. I'd like to reserve three minutes for rebuttal. In Rothkerry v. Gillespie County, Texas, the United States Supreme Court reiterated the rule that a defendant has — that the right to counsel attaches at the first appearance before a judicial officer. It further stated that counsel must be appointed under Gideon v. Wainwright in order to prepare for any critical stage of the proceedings or to appear  Pursuant to California — And you left out the magic words, must be appointed within a reasonable time in order to do that. Within a reasonable time, that's correct, or at the critical stage itself. In California, pursuant to California precedent, People v. Cox, arraignment is a critical stage of the proceedings according to California authority. That position is further buttressed by application of this Court's test set forth in Menfield v. Borg, that is, whether the absence of counsel would result in the forfeiture of significant strategies or remedies. If that is so, then a critical stage is found. Secondarily, if the absence of counsel derogates from the defendant's ability — So is your main argument that the initial appearance is a critical stage? Yes. That's your primary argument? Yes. Not that there's delay from the initial appearance to prepare for the next hearing? That's correct. I think that that overlaps a little bit with Powell v. Alabama in that the delay still is a critical stage in that the appearance from arraignment to trial is also deemed a critical stage of the proceedings. But that's secondary to the main argument that we're making here, which is that an arraignment in a California court is the critical stage of the proceedings, and that's true because it satisfies this Court's all three of the — To follow on from Judge McGeeh's question, what if we were to conclude in disagreement with your argument that this initial appearance where no plea can be taken in the absence of counsel — Oh, it can be. Where no — I mean, your complaint says no plea is taken. I mean, that's what your complaint says. Yes. I'm sorry. I interrupted myself. What if we disagree with you and hold that the initial appearance as described in the complaint is not a critical stage? Then what? Well, then the second — the second position would be under Powell v. Alabama, the time from arraignment to trial is deemed, in the words of Powell v. Alabama, the most critical stage of the proceedings. But arraignment to trial? Correct. So you're still making a critical stage argument. I'm sorry? So you're still making a critical stage argument. Yes. Why are you not making a within a reasonable time of the attachment of the right to counsel argument? That is to say, the complaint says that it is the policy of the county not to — how does it say it? It doesn't say quite not to appoint counsel. It says arbitrary withheld legal representation can entail between 5 and 13 days and sometimes longer. So is it consistent with that complaint that, as a matter of policy, counsel is not actually appointed, provided, in effect, within a reasonable time? I'm sorry, Your Honor. I didn't quite understand your question. Okay. We know from Rothkari, because Justice Souter simply writes it, that the rule is that counsel has to be appointed within a reasonable time after the right to counsel attaches. Correct. And I'm asking you whether, under the allegation of the complaint that says legal representation is not provided until between 5 and 13 days after the initial appearance and sometimes longer than that, why you are not arguing that this is not appointment within a reasonable time? Or maybe you are arguing that. I am arguing that. Principally, I'm arguing that the — that the initial appearance where the right attaches is also, according to California law, the time for arraignment on the complaint, and that counsel, under California law, must be immediately provided at that hearing, pursuant to California case law and also California statutes. How do other counties handle this? Do they have someone from the public defender's office in the courtroom for every arraignment and someone from the prosecutor's office? Yes. So that's my sense of how they do it in Los Angeles County, for example. But so what's going on here? What's going on with the public defender? Is it a cost thing? Budget. I'm sorry. What was the last word? Is it a budget thing, a cost thing? That is what the public defender has argued. And in fact, now she maintains that public defenders are provided in the arraignment courts because she went to the county executive committee and asked for AB 109 funds. And getting those funds, she then provided for additional public defenders to do that work. So indeed, her argument is that I didn't provide this representation because it costs too much money. Yes. And is that so is that because it sounds like it's the practice for the people who have been charged with felonies has changed. As far as I can tell, it has. So is that moot? It is not moot. Okay. I mean, even for that class of people? Because I know you're concerned about the people who are charged with misdemeanors. Apparently the practice has not changed for them. But why isn't it moot? Because it's capable of repetition, yet evading review. And we don't have evidence here that this policy, that they won't revert to this policy in the event that this court doesn't issue an opinion saying that they must. And indeed, they've used the word pilot program with respect to this program in various county documents. I guess it seems to me that your argument might be better framed as a potential violation of substantive due process, but that's not how you proceeded here. You're going for the Sixth Amendment. Is there any allegation that Mr. Farrell or Mr. Wade would have secured a lower bail or otherwise somehow been released earlier if they had been represented at their earlier at the earlier initial appearance? Have you been able to show that? No. I can't show that. I can say that Mr. Wade was 17 years old at the time and asked for his pastor when he came into court. I guess what rights then or defenses were the plaintiffs deprived of, you know, as a result of the delay? There are a multitude. A California arraignment, the defendant has an absolute right to enter a plea. They can demur to the complaint at that point. But they can still do it. They just have to, if they want a lawyer, they have to wait until the next hearing, right? I mean, so they're not being prohibited from entering a plea. Some of the rights are delayed and I would say that some are lost entirely. I guess I'm more curious about the ones that are lost. So which ones are lost? Sure. You have a right in California to a preliminary hearing within 10 court days of arraignment. Of arraignment? That's correct. And the first appearance in a California court is for arraignment on the complaint according to California law. And so entry of plea is contemplated at that hearing by the California courts and, indeed, the entire statutory speedy trial scheme is dependent upon it. But because the public defender did not show up, it forced a continuance of this matter without the defendant having any opportunity to be heard about it in the least. And so the entire California speedy trial scheme is thwarted for the public defender's convenience. And 10 days in jail — But it doesn't really violate the text of that statute because they do get their 10-day time period once an arraignment has happened, right? I would answer that in two parts. Yes, they do get it within 10 days of whenever it is that the public defender shows up. However, the statutory scheme is emphatic that both the people and the defendant are entitled to a preliminary hearing at the earliest possible time. And that's Penal Code Section 1050, which is in peri materia with all of the other statutes within the speedy trial scheme. But doesn't — I mean, the need to appoint counsel provide a good cause or reason for continuing the preliminary examination to a later date? Good cause, yes. But good cause occurs when the public defender is operating in the interest of his client, not his own calendar. If he's operating — But the public defender is not appointed at that point. I mean, the public offender doesn't get appointed on that initial. So I'm just trying to figure out when you say — and I understand that you say that there's a built-in sort of delay, but I'm trying to figure out how that delay truly affects, you know, his Sixth Amendment right or the State statute, I guess, in that one. That's the one that you're arguing, the State statute, when it does — the State statute is in terms — it's fulfilled because he does get the hearing within the 10 days of his arraignment. I would disagree. It is not fulfilled. And it is not fulfilled because — So are you claiming that your clients or anybody else does not get a — the hearing within 10 days of their arraignment? Is it the hearing? I'm trying to remember what's promised within 10 days. No, that's not what I'm saying. It's the preliminary examination? Yeah. That's not what I'm saying. Okay. Because now you're saying that this is a violation of that State statute. Correct. Of many State statutes. The entire Speedy Trial scheme from 859. But the State statute provides a defendant with the right to preliminary examination within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later. Right. Okay. So now the second part of that is that the California courts have construed 859B in the context of 859 and all of the other penal code provisions relating to the statutory Speedy Trial right and said that these must be implemented in a manner that fulfills their purpose. The courts are absolutely emphatic about this. And this does not fulfill that purpose. Rather, it's a sleight of hand that is deliberately perpetrated. The plea is not entered just so that the case can be continued until the public defender decides to show up. It is an end run on the California statutory Speedy Trial scheme. Is the public defender the right entity to be sued here? I mean, in a way, the judge is complicit in this, right? The judge is complicit in it. And let me ask a further question. Is the county prosecutor usually present for this initial arraignment? Sometimes they are, sometimes they're not. With these two plaintiffs, with Mr. Wade, a prosecutor was there, but not Mr. Farrow. But is it the county that you're going after or is it really the public defender? But you didn't sue the county, did you? I did. The public defender is a county official, and under this Court's ruling in Miranda v. Clark, she is the appropriate defendant. And that is cited in my points and authorities. And this is, you know, Hamilton v. Powers, which is out of the 6th District, is another case. You're saying she's the official policymaker for the county with respect to this issue? There are others, but it would be redundant to bring them in because they're all county officials. She is a county official. She's the one who implements county policy on this particular issue. It's who fends the public defender? The county does. The county fends it? Correct. Because you're asking for damages, so I guess you would expect the county to pay. Yes. And she's the county official that's responsible for this, acting in her administrative capacity. But you're asking for nominal damage rather than actual? That's correct. Although, if this case is remanded, there's also the question of 52.1 statutory damages related to the forcible interference with constitutional rights. So that's under the UNRRA Civil Rights Act, California. That's California statutory damage? Yes. So I have five minutes. Let's reserve it. Well, I've got a couple minutes here. Judge Murguia brought up the substantive due process issue. That is one of the claims in this. We have three claims. There's a denial of the Sixth Amendment, then due process under both substantive and procedural due process, and then equal protection. Because in this area, first we're saying that substantively the policy is arbitrary. It affects the liberty interest. There's no reason for it. Procedurally, due process calls for a right to be heard in a meaningful way and at a meaningful time. And if that's after your right to a preliminary hearing within 10 days has already occurred, it's hardly at a meaningful time. And then as to equal protection, this policy applies to indigents only. If you can afford your own counsel, you come into court, you get all of these rights immediately. Under Lane v. Brown, U.S. Supreme Court precedent, a public defender can be held liable where they refuse to implement these rights. Also under Oviatt-Byne through Wade v. Pierce, when the inaction of a state official results in the denial of statutory speedy trial rights, that official is liable under 1983. So I've got about a minute and a half left. If there are any questions on those points. Okay. Anyone have a question? No. All right. Thank you. Thank you very much, Your Honors. Cameron Baker on behalf of Ms. Lepesky, Contra Costa County Public Defender. Let me start with the fact that I believe it's pretty clear under the case law that the initial appearance of the defendants in state court was not a critical stage. The initial what? The initial appearance. Can you lift up the microphone? I'm having trouble. Sorry. So it was not a critical stage. Opposing counsel said that was an arraignment under California law. As the district court said, that's absolutely false. An arraignment under California law requires that the defendant, criminal defendant, be asked to enter a plea. And that's distinct from actually entering the plea. Well, it sounds to me as though in effect what we have is a two-stage arraignment. If they come in at that time with a lawyer, they can enter a plea. If they come in without a lawyer and they ask for a lawyer, they can't. And it's continued until the lawyer come in with a lawyer. So it sounds to me as though it's stage one of a two-stage arraignment. That's exactly right, Your Honor. So you can't say it's not an arraignment. You just have to say it's stage one. I've struggled a lot of what would be the appropriate nomenclature, whatever it is. California case law says that the arraignment is not complete until the person is asked how they plea. So you can call it a two-stage arraignment. You can call it a no arraignment, because all that happened at this was they were asked could they afford a lawyer and did they want a lawyer. Now, if an unrepresented indigent defendant at this initial appearance says, I want to plead, what happens? That's not before the court, so I'm not familiar with what would happen. That is a they could plea if they wanted to plea. Well, if they can plea, this is a critical stage. You just lost your case. Again, the fact is we're here on a motion to dismiss, which the allegations of the complaint are what we're addressing. There's no allegations that anyone pled and pled guilty at the initial appearance. That's what the court's faced with. The court's faced with the two plaintiffs here, each of whom did not plead guilty, requested counsel, were appointed counsel, and Your Honor asked, you know, is the State court complicit? I don't want to say they're complicit, but in terms of the question Your Honor asked about the reasonable delay, it's the California State court that set the next hearing date, and that's when the person was, they received counsel. That doesn't mean it's a reasonable delay just because the court did it. I agree with Your Honor, but I would also say that there, the court below did not decide the issue as to whether the delay was reasonable or not. The court took, in my view, a much more pragmatic approach, was to look at, and he did an excellent job, looked at whether there was, in fact, any prejudice, because that's sort of the touchstone for the Sixth Amendment analysis. Was there any prejudice to the criminal offense? Well, don't you think there's prejudice being held in jail when you could be walking the streets free, but for this sort of artificial two-step arraignment process? Your Honor, no. No? That's Gerstein v. Kube. The Supreme Court said that you do not, you're not entitled to a lawyer on a determination of probable cause. That's, so that's, and they had already had that, again, so that's not really before Your Honor. That's a Fourth Amendment claim. I guess, at what point could a practice that prolongs pretrial detention present a constitutional violation? Well, it's hard to say, Your Honor. I mean, in Rothgerry, it was 6 months. And the Supreme Court expressly declined to answer that question. They said, we make no determination. All the Supreme Court said in Rothgerry was that the Sixth Amendment attached. No, what they declined to say was we declined to determine what prejudice might have existed. What standards? What standards do you use? But I've got a different question that really is not a prejudice question, or rather a question that says, why is prejudice relevant in the following situation? I take from the Supreme Court's decision in Rothgerry that the right to counsel attaches at the time of the initial appearance, and I don't think there's any dispute between you and your adversary on that point. We have not disputed that. So they're entitled to counsel, appointment of counsel, right then. And they're entitled to actual appointment of counsel within a reasonable time, which is, again, what Justice Souter writes. So what happens, let's hypothesize, but I don't ask you to agree with that. Let's hypothesize that a reasonable time is within five days, and it's now seven days, and he comes in and asks for an injunction that requires the appointment of counsel. Does he have to show prejudice, or did he just have to show that, in fact, he's entitled to have the actual appointment of counsel now? One of the difficulties in this particular case is that historically the Supreme Court's jurisprudence and also the Supreme Court's jurisprudence and also the Supreme Court's jurisprudence and the Supreme Court's jurisprudence is that the appointment is the event. There's an event that happens, a hearing, something that's foreseen. You're not coming even close to my question yet. Let's assume that he's entitled to actual appointment of counsel within five days of the initial appearance. It is now seven days out. So he has been for two days entitled under the Supreme Court's case law to have counsel. In order to get an appointment and an injunction that requires it, does he have to show prejudice in order to get that remedy? Yes, I think so. Why? Because, again, the touchstone of the Sixth Amendment analysis is their prejudice. And the Court has talked about it. But it sounds to me it's just an unqualified right. He has to show prejudice if he's going to try to get a conviction reversed. But if all he's trying to do is enforce the right that he clearly has, I don't see why he has to show prejudice in the absence of the enforcement of the clear right. I respectfully disagree with you, Your Honor. Okay, because? It's pretty clear that the case of Gonzales v. Quahomatek, I'm mispronouncing it, clearly says that the Sixth Amendment is the right to counsel, it's the right to effective counsel, and you have to show prejudice. The critical stage analysis That's an entire line of cases of what happens if you're trying to reverse a conviction or you're trying to get out from under something that happened that was bad. I think, Your Honor, no, because, again, the focus of the Sixth Amendment is effective right to counsel. And the question is you have to have not have effective right. You have to have suffered some diminishment in your right to counsel. And that's why the focus of this, and it says it's not complete until you have prejudice. And the whole focus of this I think you're looking at a different line of cases, trying to figure out post hoc what you do when there has been a denial and there's been harm from it. I'm just asking, well, you're entitled to the right, you're not getting the right, and you're saying you don't get enforcement of the right. But that's the what I'm trying to say, Your Honor, is that Sixth Amendment requires prejudice. And all the analysis is in the Sixth Amendment. Kennedy, I'm disagreeing with you if what we're after is merely an injunction that requires timely appointment. If you're trying to get out from under something, that is to say if you're trying to get rid of habeas, trying to get a reversal, I entirely agree with you. If there's a statute that says you have to appoint counsel within 5 days, you would get an injunction based on the statute. It might be not based on the Sixth Amendment. There's a constitutional holding. I just read it to you. I agree with you, Your Honor, that the holding says a reasonable time. No court has ever said there was a breach of the reasonable time. There were three cases cited to the district court that were decided out of Texas, and all the cases were considerably longer than the time period here in question. No case has ever said that 5 to 13 days is not a reasonable time. But the complaint alleges and sometimes longer. What am I supposed to do with that? I believe that was actually in Amici that made that argument. But there's no, there's no. That's exactly what the complaint says in paragraphs 1 and 2. All right. So what you do with that is the fact that we're here and the case of putative class action has not been certified. You're only judging it based on the two individuals in question, and their allegations are 5 and 13 days. At what point do you think a delay would become constitutionally significant? That's a very difficult question to answer, Your Honor. But I, again, if it was, if it was simply a matter of time, I don't know why the Supreme Court in Rothgary wouldn't have said 6 months is too long. But they didn't say that. And all the district court cases that have looked at this that we cited to the district court here, all analyzed in terms of prejudice. Well, and that's what the district court said. That was, the district court gave leave to amend to Farrow and Wade. So that they could allege prejudice. But they decided to stand on their second amended complaint because they don't think that you have to allege prejudice. It's been hard to read. I think they actually argue that they have to show prejudice. It's a lesser standard in their view.  So they argued that they weren't able to timely interview a material witness on the Miranda issue. That would be prejudicial. That was, yes. And that was an allegation made by Mr. Wade. And the court, what the court did with that is the court looked very carefully at the allegations that were actually made with respect to that memory issue. And the only allegations that were made is that it was possible that it could have been different, and the district court looked at them and said that's not sufficient, essentially under Iqbal Twombly. And gave them leave to amend. They didn't amend. And we haven't talked about this, but our contention is that's a 41B dismissal. And they've waived that right to make that argument in front of this Court. Under Urish and Furdick and Edwards, if a party is given leave to amend and they don't notify the district court that they intend to amend and the district court then dismisses the case, that's a 41D dismissal and you only analyze under 41B. With respect to prejudice, there's also an allegation that the prosecutor is able to get started on compiling a report as to whether bail should be granted and at what amount and so on, and until counsel for defendant is appointed, the defendant is not allowed to interject and sort of say, well, that's not true, here's something else. And the answer from the district judge was, or the district court was, well, that's true, but after appointment, the defense lawyer can do that. That may be also that strikes me as likely or strikes me as true, but there may be some delay in terms of actually getting a lower bail as a consequence. That strikes me as a prejudice. I don't know that it's prejudice enough to turn this into a critical stage, but it sounds as though it's prejudice. Goldstein, Jr.: As I read this Court's jurisprudence, there's a critical stage where essentially prejudice can't be presumed. The hearing is so significant that the absence of counsel is likely to result in prejudice, so we're not going to engage in determining whether or not there was prejudice or not. This is not that case, in the case of the case. Kagan.  And I'm not arguing that it's just a critical stage. Goldstein, Jr.: Okay. So we're agreeing and now it falls into, it's not a critical stage, so they need to establish prejudice. Kennedy, Jr.: But, you see, even if you want prejudice as a prerequisite for an injunction that says you're supposed to get counsel now because you're supposed to get counsel within a reasonable time, well, there's prejudice that supports granting the injunction. It may not give you prejudice in the sense of reversing a conviction, which is what the chronic line of cases does. But, in fact, I don't think it does at all. But when the only thing you're after is enforcement to the right that the Supreme Court says you have, which is to say an appointment of counsel within a reasonable time after the attachment of the right, I don't see why you have to show prejudice in the first place, or if this mild degree of prejudice of, listen, they're getting started early on the bail information, why that's not enough. Well, I've made some of the points. I would point out that Roth, Gary, is a Section 1983 claim. It's a civil case. It's not a criminal case. It arises out of Mr. Roth, Gary's suing under Section 1983. And the Court did not purport to distinguish, make any sort of different analysis because it was a civil case as opposed to a criminal case. Again, I think the point that I've made, I think it's consistent. I can – I want to say in this Court's decision, McNeil also talks about prejudice. And is this a 1983 case? Yes, it's a 1983 case. Yes. So I don't understand why you're distinguishing Roth, Gary on that. I'm not distinguishing it. I'm saying that Roth, Gary treated the Sixth Amendment for purposes of the 1983. It's consistent with the way they treated it for the criminal case. You're saying, well, maybe this is a different case. I'm just saying there doesn't appear to be any difference when you look at a Sixth Amendment claim in a civil context versus criminal. It still seems to be the case. But I see nothing in Roth, Gary that suggests that when the right actually exists, not only the attachment, but that you're now entitled because it's reasonable time. I see nothing in Roth, Gary that says you're not entitled to enforcement of that right. I'm not going to argue with you. I don't think that's the case. We're just like that. Okay. I got it. I'm just saying in my – yes, I think you could go. Of course, this wasn't – this issue wasn't briefed and this wasn't raised in the State court. This is before this Court in the Federal – it's a Federal lawsuit. I do want to say a couple of additional points in terms of the prejudice, because the district court did very carefully look at all the potential prejudices that were alleged, whether it be the lower bail, whether it be the speedy trial rights, all those issues. It was very careful to look at each one. And as I think Judge Murguria, if I pronounced it correctly, said, A59B, which is the one that they rely on, says, arraigned or please. So it's even further. I mean, the California statutes are pretty clear about what starts the speedy trial clock running. And it's almost always arraignment or plea, whichever comes later. And sometimes they even add additional criteria. So there's been no thwarting of the speedy trial thing, not even for purposes of a substantive due process claim. In fact, I think if you look at the specific thing, there's no even allegation in the complaint that these speedy trial rights were actually violated, i.e., the preliminary examination did not take place within a timely period. Well, I'm sort of less, I mean, she dismissed the state claims without prejudice that just a court judge did. So they could be filed in the state court. I guess I'm more concerned with sanctioning a somewhat arbitrary policy by the county defender to, you know, do a two-step arraignment simply because of not having resources to have an attorney present when our Constitution, you know, since Gideon requires it, it says you have to, you have the right to counsel. And, you know, there's this, it seems very troubling what's going on there. And I know it's contrary to the practice in a lot of other counties. Well, maybe not, maybe not some of the smaller ones. I don't know. I think actually if Your Honor looks at Rothgerry, when the court did a complete canvassing and they talked about the practice being starting the appointment counsel at, near or after the initial hearing. The practice in Contra Costa is not aberrational in that sense. Is it aberrational within California? No, I don't believe so. In fact, there was cases cited to the district court that you do have these things. And I was going to read you, you know, the California Constitution under Section 14, Felony Prosecutions, you specifically says the magistrate shall, among other things, allow the defendant a reasonable time to send for counsel. So it's, again, contemplated that at some point in time the defendant can say, hey, I want more time to send for counsel. You know, I thought I'd better go back and look. You quoted or purported to quote Rothgerry as at, near or after. It says before, at, or just after. All right. Well, there is nothing, by the way, there's nothing in the record that talks about when the appointment process started. So, again, you're asking about, so. Well, there is in the sense of it's an allegation that says legal representation is not provided until between 5 and 13 days later and sometimes longer. That's the allegation. They said that they were appointed, that there was no discussion as to whether they met with them previously or earlier. There is a process by which, my understanding is that once a defendant says I need to have an attorney, then you have to send someone from the public defender's office to meet with them to do the financial analysis as to whether they're qualified or not qualified. I mean, so that means that this is. Kagan. Let me make sure I understand the point, because I think I agree with you. The complaint has a weasel word language. It says legal representation not provided. It doesn't say appointment of counsel. Yeah. Yeah. So there are steps that, I mean, and again, in the context of this case, I don't know if the record is clear or not, but both of these counsel, both of these defendants were appointed conflicts counsel. So these were people who could not be represented by the public defender for one reason or another and were referred. And by the way, there's an alternative public defender, too, in Contra Costa. So they couldn't be represented by the public defender's office. They couldn't be represented by the alternative public defender's office. And they had to be represented by yet a third entity in which, again, requires time, which is why I think the district court decided to look more at the question of prejudice than trying to sort through how long should these administrative steps take, because there are things that have to happen. Oh, yeah, sure. And I think that was his concern. He said there's a lot of cases that would have to be thrown out, because what are you requiring them to do, to have counsel sitting there waiting in case there's a conflict? You see, there I disagree with the district court. He says the consequences, you have to throw them out. I don't think that's true at all. That is to say, in order to throw something out because of the violation of counsel, there you really do have to find prejudice. But in order to enforce the obligation to provide counsel, I'm not sure you have to do it. I haven't. Again, I haven't. Well, I guess what I would say, maybe, Your Honor, is that the Supreme Court's decision seemed to say, okay, you show prejudice, but then you still have to get over the harmless error. So in chronic and those kinds of cases, harmless error is you can't get the prejudice presumed. But all the other cases, you go down, you find if there's prejudice, and then even then you still do the harmless error. So you see you have to do it. Before your time completely runs, what do you do with the mootness question and capable of repetition yet evading review argument? As far as I can tell, we don't have it in the briefs. No, but I don't believe, I don't, I thought that claim for, for, You don't believe what? Finish your sentence. I don't believe that it's capable of review. It hasn't happened in three years now, so two years, whatever. I'm curious, what is happening right now? So are the felony defendants being appointed counsel at the initial appearance? Yes. Yes. I went and saw it myself as part of my preparations. And you said that's been happening for the last three years? Since January of 2013. And what's happening with the misdemeanor defendants? That I don't know. I'll tell you what the complaint says. The complaint says that it's not happening. That I don't know. I went and saw a misdemeanor, sorry, a felony proceeding, just to see what happens, because I'm not a criminal lawyer. All right. Thank you. All right, thank you, counsel. Thank you. In the few minutes that we have remaining, I'd like to go over a couple of points. First of all, just to address the points raised by counsel, in terms of the send for counsel issue, that's been addressed by People v. Robinson, 222 Calab, 2nd at 602. With respect to what issue? I'm sorry. The send for counsel provision in the statute. And what Robinson says is that's for counsel who or for someone who wants to obtain private counsel, not for the public defender. Second, under People v. V-Ray, 134 Calab, 4th, 1186 at 1214, and also Penal Code section 987.8, appointment of counsel comes first. Determination of indigency comes second. Third, Penal Code section 987.05 states that the court may only appoint counsel who represent on the record that they will comply or that they're ready to comply with the statutory speedy trial date. So that's being violated as well. The fourth thing as to mootness, we are asking for nominal damages for the constitutional violation, and under Kerry v. Piffus, we have a right to do that, so the case would not be moot under those circumstances. And finally, the Court is absolutely correct that I have emphasized – I'm going to move this down, he's taller than I am – that I am emphasizing the critical state, that the first appearance is a critical stage, and I'm doing it under this Court's three-factor test, and I'm doing that for a number of reasons. First, at the first appearance, the defendant has a right to enter a plea. Now, have you ever had a right to enter a plea without counsel? He does. He can enter a plea of not guilty. So what's your complaint doing, then, when it says that no plea is taken? No plea is – right. The Court doesn't ask him the question. That's the point. But your complaint simply says at the initial appearance, no plea is taken. That's what your complaint says. That's correct as to the – okay. As to these defendants in this procedure, under California law, you can enter a plea. Isn't that what we have in front of us? I mean, I'm going by your complaint, too, and isn't that what we have in front of us? A plea isn't taken because a public defender doesn't show up. That's why. A plea – Wait. I don't understand what you're saying – what you're saying now and how that might be different from what you said in the complaint. But – so under the law, they have the right to enter a plea. Correct. But you're saying the judge doesn't ask them if they want to? Right. Deliberately. So the judge – when you say – when you allege no plea is taken, you're – what I'm supposed to understand that to mean is that the judge doesn't give the opportunity to enter a plea at that point. That's correct. That's correct. Okay. The sequence of it, the judge asks, do you want an attorney? And as soon as they do that, you know, basically the shepherd's crook comes out. They're pulled off stage. I mean, it's – yeah. So – But it's not a problem that a plea is taken in the absence of an attorney, because that doesn't – that's not what happens. Right. But the right is available. And that's what makes – that's one of the factors that makes this a critical stage. And applying this Court's three-factor test, would it be useful to have counsel to tell you that you can enter a plea? Of course it would. Would it be useful to say, don't waive time, you'll get a preliminary hearing within 10 court days? Of course it would. Would it be helpful to have an attorney to argue for bail? Yes. And then in addition to that, you can apply for diversion, which means that you get out of jail that day, and it affects the merits of the case. Oftentimes these people are incompetent. An attorney could say, under 1368, Your Honor, I want to suspend criminal proceedings. I do this daily in my criminal practice. So there's a right to diversion, bail, demur, a right to a confidential psychiatric evaluation. Was anybody incompetent here? Sorry? Was anybody – was Mr. Farrow or Mr. Wade incompetent? No, neither of them were incompetent. Did you allege that? I didn't allege that they were incompetent because they weren't. But the point is, the proceeding is what determines whether that is a critical stage. And at this proceeding, those rights are available. And applying this Court's three-factor test, all three of those factors are met. Submit it. So – wait, I'm sorry. So I – this is a class action, but you never got that far. Correct. So, members, are you – did you allege that there were members of the class who would have pled or would have done any of these other options? Yes, I did. In the complaint, I state that Ms. Lepetsky is on record stating that many people waive their right to counsel and plead guilty just so that they can get out of jail. And so they exchange their freedom for a guilty plea. It happens routinely. You allege that, but you allege that specifically with respect to misdemeanor defendants. And I state that it – You only say may in a footnote as to felony defendants. Yeah, that's correct, because it requires a Faretta hearing. And, frankly, we'd have to get into this discovery stage, which we never did. Let me ask you, why did you file this in Federal court instead of State court? I can guess some reasons, but one of the reasons why I think this maybe should have been better done in State court is that we're struggling to understand what happens in State court. And the State court judge would be in a much better position to understand quickly and easily sort of, okay, what actually is going on? What are the State statutes? This is – there's lots of intricate statutory stuff going on. There's lots of stuff at practice and so on. I'm sitting here doing my best to understand, but it's hard. Right. I understand. And I can directly answer that question. I raised this issue in the criminal context with one of my clients. And the court came to the conclusion, counsel, you're right. This is error, but it's not prejudicial error. And therefore, you don't have a remedy. And then I said to the judge, well, okay, that box next to us, that cage with defendants in it, you're about to arraign all of them. And you're going to commit the same error in every single one of those cases. And the judge just excoriated me. So that was part of it. Then – and the court, in my opinion, the Contra Costa Court, is complicit in this. There is an executive committee that determines how these procedures go. The court administrative officer is a member of that, public defender, DA, sheriff department, and other police agencies. They are controlling what happens. Okay. Got it. All right. Thank you very much. Thank you. Thank you very much. This session of the court is adjourned for today.
judges: Wardlaw, W. Fletcher, Murguia